UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BENNETT
aka Na'im Abdul-Mateen,

        Plaintiff,        Case No. 1:09-cv-730

v.        Honorable Paul L. Maloney

UNKNOWN HOUZE et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff currently is incarcerated in the Gus Harrison Correctional Facility, but the events giving rise to his complaint occurred while he was incarcerated in the Lakeland Correctional Facility (LCF). In his *pro se* complaint, Plaintiff sues Resident Unit Manager (unknown) Houze and Inspector William Irvin.

Plaintiff claims that on the evening of January 14, 2009, Prisoner George Davis, who was assigned the bunk next to Plaintiff in a dormitory-style housing unit, broke into Plaintiff's locker and stole a case of cassette tapes. At the time of the theft, Plaintiff was working in the law library. The case contained 39 cassette tapes (24 music tapes and 15 religious tapes), 4 new pencils and a couple of ink pens. Other prisoners who were familiar with Plaintiff's collection of cassettes saw Davis trying to sell Plaintiff's tapes in the recreation room and in the courtyard. Plaintiff reported the theft to Officer Wild, who was in the process of securing Davis' property for a transfer. Because Davis' property already had been sealed, Officer Wild wrote a memo to Defendant Houze concerning the alleged theft. The following day, Davis was transferred with the cassette case to another facility. On January 16, 2009, Plaintiff inquired with Houze regarding efforts to recover his property. In response, Houze informed Plaintiff that he was aware of the situation and would call the facility where Davis had been transferred. Houze further stated that there was nothing he could do if Davis claimed that the tapes were his. Plaintiff told Houze that he had proof of ownership and that prison officials should be able to check Davis' property receipts to confirm that the tapes did not belong to him. Plaintiff's cassette case and contents never were returned to him.

Plaintiff filed a Step I grievance claiming that prison staff denied him the opportunity to recover his property. Defendant Irvin was assigned to investigate and respond to Plaintiff's grievance. In the Step I response issued on March 6, 2009, Irvin denied Plaintiff's grievance, stating that Davis' property was searched and none of the titles of the cassette tapes provided by Plaintiff were found in his property. Irvin's decision was upheld at Steps II and III of the grievance process. Plaintiff further alleges that he sought relief from the Michigan Court of Claims, but was unable to proceed because he could not pay the initial partial filing fee. Plaintiff also sought compensation from the Prisoner Benefit Fund, but was denied.

Plaintiff claims that he was deprived of property in violation of his due process rights. He further claims that "Defendant was deliberately indifferent to Plaintiff's First Amendment right to the loss of personal property." (Compl., 9, docket #1.) For relief, Plaintiff seeks compensatory damages of $1,000 and punitive damages of $10,000.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986); *see also Jones v. Scroggy*, Nos. 87-5753, 87-5754, 1988 WL 12111, at *1 (6th Cir. Feb. 17, 1988) (affirming dismissal of Plaintiff's claim that prison officials failed to recover a radio and head phones stolen from him by another unmate because state provided adequate post-deprivation remedies). Numerous state post-deprivation remedies are available to Michigan prisoners. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004).

Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a).

Petitioner claims that he was unsuccessful in obtaining relief from the Court of Claims and Prisoner Benefit Fund. He does not allege whether he has sought relief from the State Administrative Board. However, in order to satisfy due process, the post-deprivation remedy does not have to guarantee a successful outcome, nor is required to provide relief equivalent to that available in a § 1983 action. *See Parratt*, 451 U.S. at 543-44. As the Court has instructed: "Although the state remedies may not provide . . . all the relief which may have been available . . . under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." *Parratt*, 451 U.S. at 544. Due process only requires that an adequate post-deprivation remedy be available when the deprivation of property occurs. *Id.* at 544. The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Because there were adequate post-deprivation remedies available to Plaintiff, his complaint will be dismissed.

Plaintiff also claims that "Defendant was deliberately indifferent to Plaintiff's First Amendment right to the loss of personal property." (Compl., 9.) While Plaintiff attempts to assert a First Amendment claim arising from the loss of his personal property, the allegations set forth in his complaint implicate only the Due Process Clause. The "deliberate indifference" standard relates to a prisoner's Eighth Amendment right against cruel and unusual punishment, which clearly is not

implicated in this case. Accordingly, Plaintiff fails to state a claim for violation of his First Amendment rights.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: August 21, 2009          /s/ Paul L. Maloney
                                Paul L. Maloney
                                Chief United States District Judge