UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RONALD BENNETT,

              Plaintiff,              Case No. 1:09-cv-730

v.                                               Honorable Paul L. Maloney

UNKNOWN HOUZE et al.,

              Defendants.

_____/

## **ORDER**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On August 21, 2009, the Court issued an opinion and judgment dismissing Plaintiff's action for failure to state a claim. This matter now is before the Court upon Plaintiff's motion for reconsideration (docket #6), which the Court construes as a timely motion to alter or amend judgment brought under Rule 59(e) of the Federal Rules of Civil Procedure. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982).

        As the Sixth Circuit summarized in *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n. 3 (1st Cir. 1993); *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), or to prevent manifest injustice. *Davis*, 912 F.2d

at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n. 3. *See also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

In his motion, Plaintiff argues that contrary to the Court's assertion in its opinion that he could seek relief from the State Administrative Board, he already has been denied relief by the State Administrative Board. However, the Court further stated:

> [I]n order to satisfy due process, the post-deprivation remedy does not have to guarantee a successful outcome, nor is required to provide relief equivalent to that available in a § 1983 action. *See Parratt*, 451 U.S. at 543-44. As the Court has instructed: "Although the state remedies may not provide . . . all the relief which may have been available . . . under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." *Parratt*, 451 U.S. at 544. Due process only requires that an adequate post-deprivation remedy be available when the deprivation of property occurs. *Id.* at 544. The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Because there were adequate post-deprivation remedies available to Plaintiff, his complaint will be dismissed.

(8/21/09 Op. 5.) Because the State provides adequate post-deprivation remedies, Plaintiff's due process claim is without merit regardless of the fact that he was unable to obtain relief through any of the available remedies. Petitioner, therefore, is not entitled to relief from the Court's judgment for any of the reasons set forth above. Accordingly:

IT IS ORDERED that Plaintiff's motion for reconsideration (docket #6) is DENIED.


Dated:   September 23, 2009             /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        Chief United States District Judge